# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:13cv60

| | |
|---|---|
| SANDRA PRESSLEY and DEAN PRESSLEY, ) ) ) Plaintiff, ) ) v. ) ) BIRD BRAIN, INC. and WAL-MART STORES EAST, LP, ) ) ) ) Defendants. ) ) | ORDER |

Pending before the Court are the Motions to Stay [# 39 & # 41]. Defendant Wal-Mart Stores East, LLP ("Wal-Mart") and Plaintiffs both move to stay this action pending resolution of the insurance coverage issues in a declaratory judgment case that is also pending before the Court. Defendant Bird Brain, Inc. ("Bird Brain") also consents to the relief sought in the Motions to Stay. Third-Party Defendant Susie Gibson, however, opposes staying this case. Upon a review of the record, the parties' briefs, and the relevant legal authority, the Court **GRANTS** the motions [# 39 & # 41].

## I.    Analysis

District Courts have the inherent power to stay proceedings. See Williford v. Armstrong World Indus., Inc., 715 F.2d 124, 127 (4th Cir. 1983); see also Johnson

1

v. Duke Energy Retirement Cash Balance Plan, No. 1:13CV156, 2013 WL 5462383, at *1 (M.D.N.C. Sept. 30, 2013) (unpublished). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North Am. Co., 299 U.S. 248, 254, 57 S. Ct. 163, 166 (1936). In determining whether a stay is warranted, the Court must weigh the competing interests to maintain an even balance. Id.; Williford, 715 F.2d at 127. "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." Williford, 715 F.2d at 127.

Both Plaintiffs and Defendants favor a stay of this action pending the resolution of the related declaratory judgment action, which involves a determination as to whether an insurance policy issued by AIX Specialty Insurance Company for Defendant Bird Brain provides coverage for the claims asserted by Plaintiffs in this action. A determination as to insurance coverage is particularly important in this case because Defendant Bird Brain is insolvent and has little to no assets other than the insurance policy. As such, a determination as to coverage under the insurance policy will significantly limit the scope of discovery, the potential for settlement, and the general direction of these proceedings. Although Third-Party Defendant Gibson has a legitimate interest in having this case heard on

the merits in an expeditious manner, a stay of these proceedings until the District Court resolves the insurance coverage issue is, at most, a minor inconvenience for Third-Party Defendant Gibson. The Court finds that the most efficient means of resolving this case is to stay these proceedings pending resolution of the insurance coverage issue in the related case. Accordingly, the Court **GRANTS** the motions [# 39 & #41].

## II. Conclusion

The Court **GRANTS** the motions [# 39 & #41] and **STAYS** this case pending further Order of the Court. Any party may move to lift the stay ten (10) days after the District Court resolves the issue of insurance coverage in the related declaratory judgment action.

Signed: February 26, 2014

Dennis L. Howell
United States Magistrate Judge